**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Sean Alex Roundtree,<br><br>          Plaintiff,<br><br>v.<br><br>Phoenix Suns LP, et al.,<br><br>          Defendants. | No. CV-14-00929-PHX-DGC<br><br>**ORDER** |

Pro se Plaintiff Sean Alex Roundtree has filed a complaint against more than 125 defendants. Doc. 1. He has also filed a motion to proceed in forma pauperis ("IFP") (Doc. 2), a motion to allow electronic filing (Doc. 3), and a motion for service by the U.S. Marshal Service (Doc. 4). The Court will grant his application for IFP status, screen his complaint, dismiss the complaint, and deny his other motions.

**I.      Motion for IFP Status.**

Plaintiff attaches an affidavit on a court-approved form which suggests that he receives a total monthly income of $1,380.90, that he has monthly expenses totaling $1,375.00, and that he is currently totally disabled. His motion for IFP status will be granted.

**II.     Legal Standard.**

In IFP proceedings, a district court "shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief can be granted[.]" 28 U.S.C. § 1915(e)(2). Although much of § 1915 concerns prisoner litigation, § 1915(e) applies to all IFP proceedings. *Lopez v. Smith*, 203 F.3d 1122, 1126 n.7 (9th Cir. 2000)

(en banc). "Section 1915(e)(2)(B)(ii) . . . allows a district court to dismiss[] sua sponte . . . a complaint that fails to state a claim[.]" *Id*. at 1130. "It is also clear that section 1915(e) not only permits but requires a district court to dismiss an *in forma pauperis* complaint that fails to state a claim." *Id*. at 1127.

Rule 8 of the Federal Rules of Civil Procedure provides that "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). This short and plain statement "need not contain detailed factual allegations; rather, it must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1022 (9th Cir.2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully."). Legal conclusions couched as factual allegations are not given a presumption of truthfulness and "conclusory allegations of law and unwarranted inferences are not sufficient." *Pareto v. F.D.I.C.*, 139 F.3d 696, 699 (9th Cir.1998).

**III.   Plaintiff's Complaint.**

This is the fourth time Plaintiff has sought to pursue this case. Similar complaints have been filed before three other district judges in this Court. All have been dismissed. *See Roundtree v. Phoenix Suns LP, et al.*, No. CV 14-438-PHX-NVW (D. Ariz., March 11, 2014); *Roundtree v. Colangelo, et al.*, No. CV 12-2044-PHX-JAT (D. Ariz., Nov. 6, 2012); *Roundtree v. Colangelo, et al.*, No. CV 12-1491-PHX-GMS (D. Ariz., Aug. 6, 2012). Plaintiff's 146-page complaint, consisting of 678 paragraphs, suffers from many of the defects identified by the other judges. It contains a narrative of events in Plaintiff's life and troubles associated with a career-ending sports injury from 1993 through the present day. Plaintiff alleges that the actions, civil conspiracies, and racketeering of the more than 125 Defendants deprived him of a career in the NFL. He sues former sports teams, corporations, doctors, nurses, lawyers, and the Industrial Commission of Arizona, asserting some 22 claims.

The complaint does not put Defendants on notice of the claims asserted against them or how their actions allegedly harmed Plaintiff. *See, e.g.*, *McHenry v. Renne*, 84 F.3d 1172, 1177 (9th Cir. 1996) (affirming dismissal where complaint "failed properly to notify the individual defendants of the legal claims they faced"). The 22 claims typically include a long list of Defendants and allege that their actions caused various harms and legal wrongs, without specifying the actions by each Defendant that led to the harms or legal wrongs. The rambling and lengthy factual allegations do not comply with Rule 8's requirement of a short and plain statement of the claim. *Id*. (noting that "the complaint in the case at bar is argumentative, prolix, replete with redundancy, and largely irrelevant [and] consists largely of immaterial background information"). Nor has Plaintiff alleged facts showing more than "a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. Because the complaint fails to state a claim, the Court will dismiss it.

**IV.  Leave to Amend.**

"A pro se litigant must be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). However, "[a] district court does not err in denying leave to amend where the amendment would be futile." *Gardner v. Martino*, 563 F.3d 981, 990 (9th Cir. 2009) (citing *Thinket Ink Info. Res., Inc. v. Sun Microsystems, Inc.,* 368 F.3d 1053, 1061 (9th Cir.2004)). "When a proposed amendment would be futile, there is no need to prolong the litigation by permitting further amendment." *Chaset v. Fleer/Skybox Int'l, LP,* 300 F.3d 1083, 1088 (9th Cir. 2002) (affirming trial court's denial of leave to amend where plaintiffs could not cure a basic flaw).

Plaintiff has filed four cases in federal court asserting claims based on the same wrongs and the same core of facts related to his career-ending injury. The Court does not doubt that Plaintiff feels strongly about these events, but he has repeatedly failed to state a claim. Previous judges have provided guidance for Plaintiff's re-filing of his claim and

have granted leave to amend.  *See* CV 14-438-PHX-NVW Doc. 5; CV 12-2044-PHX-JAT Doc. 9.  Each time, Plaintiff has not amended his complaint, but instead has revised the complaint and filed a new action.  Through the four lawsuits commenced since 2012, Plaintiff clearly has received a fair opportunity to plead his case.  His recurring unsuccessful filings make clear that any additional leave to amend would be futile.  The Court cannot justify devoting further federal court resources to Plaintiff's claims, and therefore will not grant leave to amend.

**IT IS ORDERED:**

1. Plaintiff's application to proceed in forma pauperis (Doc. 2) is **granted**.
2. Plaintiff's complaint (Doc. 1) is **dismissed** for failure to state a claim.
3. Plaintiff's motion to allow electronic filing (Doc. 3) is **denied**.
4. Plaintiff's motion for service by the Marshal Service (Doc. 4) is **denied**.
5. The Clerk is directed to **terminate** this action.

Dated this 15th day of May, 2014.

_____
David G. Campbell
United States District Judge